UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA PETROLEUM MARKETERS AND COVENIENCE STORE ASSOCIATION, THORNTON'S INC., RICKER OIL COMPANY INC., FREEDOM OIL, LLC, and STEVE E. NOE, <br><br>        Plaintiffs, <br><br>    vs. <br><br>ALEX HUSKEY in his official capacity as Chairman of the Indiana Alcohol and Tobacco Commission, ALCOHOL AND TOBACCO COMMISSION, STATE OF INDIANA, <br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:13-cv-00784-RLY-DML |

## Order Denying Motion to Intervene

This matter is before the court on a motion to intervene by 21st Amendment, Inc. ("21st Amendment") under Fed. R. Civ. P. 24. (Dkt. 22). 21st Amendment seeks to intervene as of right under Rule 24(a)(2) or, alternatively, with permission under Rule 24(b). For the reasons explained below, the court DENIES 21st Amendment's motion to intervene.

## Background

Indiana's alcoholic beverage laws make it unlawful for the holder of a beer dealer's permit to sell iced or cold beer, Ind. Code § 7.1-5-10-11, *except* if the holder is the proprietor of a package liquor store. *See* Ind. Code § 7.1-3-5-3(d). Thus, cold

beer for off-premises consumption can be sold only at package liquor stores (whose proprietors must be Indiana entities or residents); other establishments like grocery and convenience stores that hold beer dealer's permits can sell warm beer only. The plaintiffs, who are an individual consumer and an association of truck stop convenience store operators and three of its members, challenge the constitutionality of Indiana's differential treatment of holders of beer dealer's permits under the United States and Indiana constitutions and contend that the laws run afoul of the federal Commerce Clause, the federal Equal Protection and Privileges and Immunities clauses of the Fourteenth Amendment, and Indiana's Equal Privileges clause. The plaintiffs seek a judicial declaration that the prohibition of sales of cold beer is unconstitutional as applied to the plaintiffs, and they seek an order permanently enjoining the State of Indiana, its Alcohol and Tobacco Commission (the state agency charged with enforcing Indiana's alcoholic beverage laws), and the Commission's Chairman from enforcing the prohibition against them. (The court will refer to all defendants as the "State" or "Indiana.")

21st Amendment, Inc., the proprietor of 19 package liquor stores in the Indianapolis area, wants to intervene in this case. It asserts that the statutory exemption to liquor store proprietors is constitutional and reflects an economic benefit given in exchange for the hardship of a panoply of burdens imposed on liquor stores under Indiana's overall statutory and regulatory scheme for the delivery and sale of alcoholic beverages. 21st Amendment points out, for example, that package liquor stores cannot sell anything but alcoholic beverages and closely

associated goods, cannot be open on Sundays, cannot have employees under 21 years of age, and cannot allow onto the premises any persons under age 21. Government-imposed quotas and restrictions on location also limit expansion of liquor stores in ways not applicable to grocery stores, which can sell everything a liquor store sells except chilled beer and which are also free from the laws and regulations constraining day-to-day operations imposed on liquor stores.  According to 21st Amendment, package liquor store permits are valuable and fetch prices in private transfers or at public auction far greater than those for a beer dealer's permit uncoupled with a liquor store—largely because of the ability to sell chilled beer.  (Liquor store permits can be privately sold and transferred with state approval and are sometimes auctioned by the state.)  In a 2011 state auction, the average cost of a Type 217 package liquor store permit was $144,208, while the average cost of a Type 115 grocery store permit was $6,103.  (*See* Affidavit of James A. James, Dkt. 23-B, ¶¶ 11, 13.)

      21st Amendment seeks to intervene in this litigation to defend the constitutionality of the exemption allowing package liquor stores to sell chilled beer. If permitted to intervene, 21st Amendment also will file in this suit a claim against the State asserting that, if the court grants relief to the plaintiffs, then the court must declare Indiana's statutory scheme unlawful unless the court requires the State to impose the same operational burdens on all permittees that sell chilled beer for off-premises consumption.

The parties on both sides of this case—the plaintiffs and the State—oppose intervention by 21st Amendment. The State defendants are represented by the Attorney General of Indiana. The Attorney General maintains that he intends to actively and vigorously defend the constitutionality of the statutes challenged by the plaintiffs.

## Analysis

A. **21st Amendment is not entitled to intervene as of right under Rule 24(a)(2).**

Under Fed. R. Civ. P. 24(a)(2), a district court must permit a person to intervene when the person shows that (1) his motion for intervention is timely; (2) he has an "interest" in the property or transaction that is the subject of the litigation; (3) disposition of the litigation may, as a practical matter, impede or impair his ability to protect that interest; and (4) no existing party adequately represents his interest. *Security Ins. Co. v. Schipporeit, Inc.,* 69 F.3d 1377, 1380 (7th Cir. 1995).

The court is satisfied that 21st Amendment's motion is timely. Further, the court accepts for purposes of its analysis that it has the requisite "interest" in the subject of the litigation. But, as explained below, 21st Amendment has no right to intervene because Indiana's Attorney General is actively defending the constitutionality of the laws challenged by the plaintiffs.

> 1. <u>The court accepts for purposes of its analysis that
> 21st Amendment satisfies the "interest" element.</u>

Neither Rule 24(a)(2) nor the decisions applying it precisely define the "interest" element of the rule. Further, even though the rule states that the "interest" must be an interest in "property" or a "transaction" that is the subject of the litigation, courts have not limited intervention as of right to cases regarding disputes about particular property or a specific transaction but have required only that the proposed intervener have an interest relating to the "subject matter" of the litigation. *See Nissei Sangyo Am., Ltd. v. United States,* 31 F.3d 435, 438 (7th Cir. 1994). That interest must be "direct, significant, and legally protectable," and something more than a "mere" economic interest, but it need not be a property right. *Security Ins.,* 69 F.3d at 1380-81 (interest must be "direct, significant, and legally protectable" but need not be a property right); *Flying J, Inc. v. Van Hollen,* 578 F.3d 569, 571 (7th Cir. 2009) (anticipation of some economic benefit by a judgment in favor of one of the parties is not necessarily sufficient).

21st Amendment asserts that its interest is the value of its package liquor store permits under the current regulatory scheme, which would be significantly impaired if the plaintiffs were allowed to sell chilled beer without also becoming subject to the statutory burdens imposed on package liquor store permittees. Its interest is similar, though not identical, to the kind of interest that the Seventh Circuit described in *Flying J.* There, a gasoline retailer challenged a Wisconsin statute (the Unfair Sales Act) that controlled the price of gasoline by creating a floor below which the price was illegal. The plaintiff asserted that the Wisconsin statute

5

was preempted by the Sherman Antitrust Act and sought to enjoin its enforcement. The Wisconsin attorney general defended the lawfulness of the statute but lost in the district court, "whereupon the state threw in the towel and decided not to appeal." *Id.* at 570. Before the deadline for filing a notice of appeal, an association of Wisconsin gasoline retailers moved to intervene and asked the district court to reconsider its decision, but the court denied the intervention motion.

On appeal, the Seventh Circuit stated that in litigation challenging the validity of a state regulatory scheme, a proposed intervener has the kind of interest required to intervene as of right if he is an intended beneficiary of the statutory scheme. *Id.* at 572. The court found that gasoline retailers were direct beneficiaries of the Unfair Sales Act because the statute expressly created a private right of action allowing retailers who could show injury to sue persons who sold at prices below the legal floor. *Id.* The statute contained a public enforcement mechanism as well, allowing the state to sue to enjoin violations and collect civil penalties. The retailers' interest in preserving this remedial scheme was sufficient under Rule 24(a)(2), "provided that the retailers would be directly rather than remotely harmed by the invalidation of the statute." *Id.* Because the elimination of price controls would harm smaller retailers whose prices could be undercut by their larger and more efficiently run competitors to whom "they would lose much or even all of their business," the potential harm was direct and not remote. And, the court held, their interest in avoiding that harm through validation of the Unfair Sales Act was the kind of interest that could support intervention as of right under Rule 24(a)(2). *Id.*

6

21st Amendment's interest in the validity and enforcement of the State's prohibition of sales of chilled beer except by proprietors of package liquor stores is similar to the interest of the gasoline retailers in *Flying J* in the validity of the Wisconsin price control statutes. Although 21st Amendment has no private right of action to enforce the restrictions on sales of chilled beer, it has made a threshold showing that it directly benefits from the current regulatory scheme and that its business and the value of its licenses would be significantly and directly impaired if the State were unable to enforce its laws that allow package liquor stores the exclusive ability to sell chilled beer. Though not necessary to the result in this case, the court will assume that 21st Amendment has the requisite interest.

2. <u>The State adequately represents 21st Amendment's interest.</u>

The question whether 21st Amendment may intervene as of right thus turns on the fourth inquiry under Rule 24(a)(2)—whether the State adequately represents 21st Amendment's interest. 21st Amendment bears the burden of establishing inadequacy. *Security Ins.,* 69 F.3d at 1380.

Unlike the state in *Flying J,* the Indiana Attorney General has not "thrown in the towel," but is actively engaged in defending the constitutionality of the challenged Indiana law. In *Flying J,* the court remarked that had the gasoline retailers sought to intervene before the state decided not to appeal, "its motion [to intervene] would doubtless (and properly) have been denied on the ground that the state's attorney general was defending the statute and that adding another defendant would simply complicate the litigation." 578 F.3d at 572.

7

Forty years ago in *Trbovich v. United Mine Workers of America,* 404 U.S. 528 (1972), the Supreme Court, alluding to a prior version of Rule 24(a)(2) that authorized intervention as of right where existing representation "is or *may be* inadequate" (emphasis added), stated in a footnote that the inadequacy element is satisfied if the would-be intervener shows that representation by existing parties "may be" inadequate, and the burden of making that showing "should be treated as minimal." *Id.* at 538 n.10 (citing 3B J. Moore, Federal Practice 24-09-1(4) (1969)). In *Trbovich,* the Secretary of Labor brought suit under the Labor Management Reporting and Disclosure Act (LMRDA), alleging that the election of officers of a labor union had not been conducted in accordance with the law. The Secretary sought a judicial order requiring a new election. A union member who also contended that the election had been unlawfully conducted sought to intervene. The district court denied the motion on the ground that the LMRDA permitted only the Secretary of Labor party status in a lawsuit challenging a union election. The Supreme Court held that the LMRDA did not absolutely bar intervention by union members and remanded the case to permit the union member to intervene, but only for the limited purpose of presenting "evidence and argument" that supported the claims of election illegality that the Secretary chose to include in his complaint. 404 U.S. at 537.

Even though the Supreme Court in *Trbovich* cited a prior version of Rule 24 that required only a minimal showing that representation "may be" inadequate, the Seventh Circuit still applies *Trbovich's* "minimal" adequacy showing to motions to

8

intervene as of right generally. *See Wisconsin Educ. Ass'n Council v. Walker,* 705 F.3d 640, 659 (7th Cir. 2013) (citing *Trbovich* as requiring "only a 'minimal' showing of inadequate representation"); *Ligas ex rel. Foster v. Maram,* 478 F.3d 771, 774 (7th Cir. 2007) (same). Despite this "minimal" inadequacy standard, a presumption of adequate representation arises when (1) a government entity is charged by law with protecting the interests of the proposed intervener or (2) an existing party shares the intervener's "goal" or "ultimate objective." *Wisconsin Educ.,* 705 F.3d at 659; *Wade v. Goldschmidt,* 673 F.2d 182, 186 n.7 (7th Cir. 1982).

When, as here, a government entity is charged with protecting the right of the proposed intervener, the presumption that the government adequately represents that interest can be overcome only upon a showing of bad faith or gross negligence. *Wisconsin Educ.,* 705 F.3d at 658-59. 21st Amendment does not suggest it can meet that standard, but rather contends the standard does not apply here because no law requires the State to protect 21st Amendment's interest in the value of its package liquor store licenses and exclusive ability to sell chilled beer. 21st Amendment too narrowly defines the State's role. The Seventh Circuit has ruled that a governmental body attempting to uphold its own law deserves the presumption of adequacy under the "charged by law" prong. *American National Bank & Trust Co. v. City of Chicago,* 865 F.2d 144 (7th Cir. 1989); *Keith v. Daley,* 764 F.2d 1265 (7th Cir. 1985). *Cf. Wisconsin Education,* 705 F.3d 640 (ruling that because the State of Wisconsin was not charged by law with protecting the First Amendment free speech rights of union employees, the employees were not required

9

to show bad faith and grossly negligent representation by the State, but the State's representation was adequate nonetheless).

In *American Nat'l Bank,* real estate developers and associated plaintiffs sued the City of Chicago, challenging a newly enacted zoning ordinance designed to reduce the use of potentially toxic construction materials. 865 F.2d at 145-46. The City defended its ordinance, but a labor union sought intervention with the goal of better protecting the ordinance's promise of improved conditions for health and safety. *Id.* The court ruled that because the City was "charged with the duty of defending the City's interests under both state and local law," there was a presumption of adequacy that the interveners could not overcome. *Id.* at 148. In *Keith v. Daley,* the State of Illinois defended the constitutionality of new legislation restricting access to abortions in a challenge brought by physicians who opposed the law. A lobbying organization supporting the restrictions sought to intervene as of right. The court applied a presumption of adequacy, noting that the defendants were "required to defend and enforce the law of Illinois, including" the relevant statute. 764 F.2d at 1269. *See also Ligas,* 478 F.3d at 774-75 (because the state defendants were responsible for administering the state laws challenged by the plaintiffs, the proposed intervener was required to show gross negligence or bad faith).

The court sees no distinction between the State of Indiana and its agency and state official who enforce the alcoholic beverage laws and the government defendants in *Ligas, Keith,* and *American National Bank,* which the Seventh Circuit

presumed were adequate representatives of persons whose interest lay in the enforcement the challenged laws. Accepting the narrow "interest" 21st Amendment defines here would render the presumption virtually meaningless; a proposed intervener can almost always articulate its interest more specifically or terms of some different motivation.

Even if 21st Amendment is not required to demonstrate gross negligence or bad faith, the State still is presumed an adequate representative of 21st Amendment's interest under the second prong of the applicable analysis because both the State and 21st Amendment share the same objective—to defend the constitutionality of the alcoholic beverage laws challenged by the plaintiffs. To overcome the presumption of adequacy in this instance, 21st Amendment must demonstrate some conflict between it and the State that renders the State's representation inadequate. *Wisconsin Educ.,* 705 F.3d at 659. *See also Massachusetts Food Ass'n v. Massachusetts Alcoholic Beverages Control Comm'n,* 197 F.3d 560, 567 (1st Cir. 1999) ("[T]he courts have been quite ready to presume that a government defendant will 'adequately represent' the interests of all private defenders of the statute or regulation unless there is a showing to the contrary.")

21st Amendment cannot identify any conflict that suggests the State may not vigorously defend its alcoholic beverage laws. That 21st Amendment may have motives, political goals, or economic interests that would drive its participation in the litigation that the State does not share is not a conflict that rebuts the presumption of the State's adequacy. *See American Nat'l Bank,* 865 F.2d at 148

11

(different political goals between City and would-be intervener does not rebut presumption of government as adequate representative); *Keith v. Daley,* 764 F.2d at 1270 (conflict because of different moral justifications supporting constitutionality of statute does not rebut presumption); *NBD Bank, N.A. v. Bennett,* 159 F.R.D. 505, 508 (S.D. Ind. 1994) (fact that government does not share the intervener's financial interests does not rebut presumption).  *See also* 6 *Moore's Federal Practice* § 24.03[4][a][iv][A] (3rd ed. 2011) (cited in *Stuart v. Huff,* 706 F.3d 345, 351 (4th Cir. 2013)):

> [T]he business of government could hardly be conducted if, in matters of litigation, individual citizens could usually or always intervene and assert individual points of view.

In sum, the court finds that 21st Amendment has not met its burden of demonstrating that the State is an inadequate representative of its interest. Whether the burden is described as minimal or not, 21st Amendment has not rebutted the presumption that the State, with which 21st Amendment shares the ultimate goal of upholding the constitutionality of the legislature's prohibition of retail sales of chilled beer except by package liquor store proprietors, adequately represents 21st Amendment's interest.

**B.     The court will not permit intervention under Rule 24(b).**

The court denies 21st Amendment's alternative request to intervene with permission under Rule 24(b).  21st Amendment plans to file a claim against the State that presupposes the court first rules against the State on the plaintiffs' claims.  This demonstrates that allowing its participation as a party would unnecessarily complicate this litigation and threaten to delay its resolution, to the prejudice of the existing parties.  *Security Ins.,* 69 F.3d at 1381 (7th Cir. 1995) (permissive intervention is an entirely discretionary decision which may be guided by whether existing parties would be prejudiced).

Denial of 21st Amendment's motion to intervene does not foreclose 21st Amendment from later seeking to participate as *amicus curiae* in the context of summary judgment briefing.

## Conclusion

For the foregoing reasons, the motion (Dkt. 22) by 21st Amendment, Inc. to intervene as of right or, alternatively, with permission, is DENIED.

So ORDERED.

Date: 12/11/2013

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system