UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA PETROLEUM MARKETERS AND COVENIENCE STORE ASSOCIATION, THORNTON'S INC., RICKER OIL COMPANY INC., FREEDOM OIL, LLC, STEVE E. NOE,<br><br>          Plaintiffs,<br><br>    vs.<br><br>ALEX HUSKEY, in his official capacity as Chairman of the Indiana Alcohol and Tobacco Commission, ALCOHOL AND TOBACCO COMMISSION, and THE STATE OF INDIANA,<br><br>          Defendants. | No. 1:13-cv-00784-RLY-DML |

**ENTRY ON 21ST AMENDMENT'S RULE 72 OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING 21ST AMENDMENT'S MOTION TO INTERVENE**

21st Amendment, Inc., objects to the Magistrate Judge's Order Denying Motion to Intervene pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). For the reasons set forth below, 21st Amendment's Objection is **OVERRULED**.

**I.    Background**

Indiana's alcoholic beverage laws make it unlawful for the holder of a beer dealer's permit to sell iced or cold beer, Ind. Code § 7.1-5-10-11, except if the holder is

1

the proprietor of a package liquor store. *See* Ind. Code § 7.1-3-5-3(d). Thus, only package liquor stores, whose proprietors must be Indiana residents, *see* Ind. Code § 7.1-3-4-2, may sell cold beer for off-premises consumption; other establishments like grocery and convenience stores that hold beer dealer's permits are limited to the sale of warm beer only. Plaintiff, the Indiana Petroleum Marketers and Convenience Store Association ("IPCA"), three of its members, and an individual consumer, challenge the constitutionality of Indiana's differential treatment of the holders of beer dealer's permits and liquor dealer's permits under the United States and Indiana Constitutions. The specific provisions under which they make their challenge are: the Commerce Clause, the Equal Protection Clause of the Fourteenth Amendment, and Indiana's Equal Privileges Clause.

21st Amendment is a locally owned chain of package liquor stores located in the greater Indianapolis area. (Affidavit of James A. James, ¶¶ 3-4, [Filing No. 23-2](Filing No. 23-2)). 21st Amendment's President, James A. James, testified that as a package liquor store, it pays substantially more for a liquor dealer's permit (between $144,000 to $475,000) than grocery and convenience stores (roughly $6,000), and is subject to stricter regulations than grocery and convenience stores. (*Id*. ¶¶ 8-10, [Filing No. 23-2](Filing No. 23-2)). According to the owner of 21st Amendment, the value of holding a package liquor store license arises from the exclusive privilege of package liquor stores to sell chilled beer to its customers. (*Id*. ¶ 15, [Filing No. 23-2](Filing No. 23-2)). If this privilege is given to grocery and convenience stores, 21st Amendment contends that the value of its permits will greatly decline, and its sales will suffer, resulting in severe economic harm. 21st Amendment therefore seeks leave to

intervene to defend the constitutionality of the exemption allowing package liquor stores to sell chilled beer. If given leave to intervene, 21st Amendment plans to file a cross-claim against the State alleging that, if the court grants the Plaintiffs' relief and finds Indiana Code § 7.1-5-10-11 and Indiana Code § 7.1-3-5-3(d) unconstitutional, then the court must declare Indiana's statutory scheme, as it now applies to liquor stores, is enforceable against all retail stores selling beer, wine and/or liquor, and that the less restrictive regulations favoring grocery and convenience stores, be eliminated.

21st Amendment sought leave to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) or, alternatively, with permission under Federal Rule of Civil Procedure 24(b). It filed a timely objection to the Magistrate Judge's Order denying its motion to intervene. Both the Plaintiffs and the State oppose the objection.

## II. Discussion

The denial of a motion to intervene as a matter of right is a final appealable order. [Reich v. ABC/York-Estes Corp., 64 F.3d 316, 321 (7th Cir. 1995)](). The court therefore reviews the Magistrate Judge's decision *de novo*. [Id]().

### A. Intervention as of Right

The court must permit one to intervene in an action who establishes that: (1) the motion to intervene is timely; (2) he has a direct and substantial interest in the subject matter of the litigation; (3) he has an interest that will be impaired by disposition of the action without the movant's involvement; and (4) his interest is not represented adequately by one of the existing parties to the action. FED. R. CIV. P. 24(a). The individual moving to intervene has the burden of proving each of these elements; the lack

of any one element requires that the motion be denied. *Am. Nat'l Bank & Trust Co. v. City of Chicago*, 865 F.2d 144, 146 (7th Cir. 1989) (citing *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985).

In her ruling the Magistrate Judge found that, although 21st Amendment's motion was timely, and 21st Amendment may have an interest in the subject of the litigation, it has no right to intervene because the Attorney General is actively defending the constitutionality of the laws challenged by the Plaintiffs. (Order Denying Motion to Intervene, Filing No. 49, at ECF, p. 4). 21st Amendment argues the Magistrate Judge's finding was erroneous because it has interests separate from those of the State – most specifically, (1) ensuring that Indiana's statutory scheme is applied fairly and equally to all alcoholic beverage dealers, and (2) ensuring that any resolution of this lawsuit does not adversely affect the millions of dollars 21st Amendment has invested in its alcoholic beverage permits.

A party moving for intervention as of right needs only make a "minimal" showing of inadequate representation. *Wisconsin Educ. Ass'n Council v. Walker*, 705 F.3d 640, 659 (7th Cir. 2013). However, where, as here, "the party on whose behalf the [movant] seeks intervention is a governmental body or officer charged by law with representing the interests of the proposed intervenor," the adequacy of representation element is presumed. *Am. Nat'l Bank & Trust Co.*, 865 F.2d at 148 (citing *Keith*, 764 F.2d at 1268). A prospective intervenor may overcome this presumption only upon a showing of bad faith or gross negligence. *Wisconsin Educ.*, 705 F.3d at 659. 21st Amendment has made no such showing.

4

Even if the charged-by-law presumption did not apply, "when the prospective intervenor and the named party have the same goal, a 'presumption [exists] that representation in the suit is adequate.'" *Id.* (citing *Shea v. Angulo*, 19 F.3d 343, 347 (7th Cir. 1994)). A prospective intervenor may overcome this presumption upon a showing that some conflict exists. *Id.*

As correctly observed by the Magistrate Judge, 21st Amendment cannot identify a conflict that suggests the State will not vigorously defend its alcoholic beverage laws. The ultimate goal of this litigation, from the viewpoint of both the State and 21st Amendment, is to uphold the constitutionality of the present statutory scheme. The fact that the State's motivation in defending this action is to uphold the law, while 21st Amendment's motivation is to protect its business investment, is not a conflict sufficient to rebut the presumption of the State's adequacy. *See Am. Nat'l Bank & Trust Co.*, 865 F.2d at 148 (holding that differing political goals between City and prospective intervenor does not rebut presumption of government as adequate representative); *Keith,* 764 F.2d at 1270 (finding that prospective intervenor's different political and moral justifications for upholding the constitutionality of a statute regulating abortion does not rebut the presumption); *NBD Bank, N.A. v. Bennett*, 159 F.R.D. 505, 508 (S.D. Ind. 1994) (holding that prospective intervenor's concern that "the Commissioner does not share their financial interests" is insufficient to rebut the presumption). The Magistrate Judge did not err by finding that 21st Amendment fails to rebut the presumption regarding the State's adequacy of representation. 21st Amendment's Objection in that regard is **OVERRULED**.

### B. Permissive Intervention

The court may permit one to intervene who "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(2). In exercising the court's discretion, it must "give weight to the impact of the intervention on the rights of the original parties." [Security Ins. Co. of Hartford v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995).](#) The Magistrate Judge found that 21st Amendment's plans to file a cross-claim against the State that presupposes the court first rules against the State on Plaintiffs' claims would unnecessarily complicate the litigation and threaten to delay its resolution, to the prejudice of the existing parties. The court agrees. 21st Amendment's Objection on that ground is therefore **OVERRULED**.

### III. Conclusion

The court agrees with the Magistrate Judge's ruling, and finds 21st Amendment is not entitled to intervene as of right under Rule 24(a)(2) or by the court's permission under Rule 24(b)(2). Accordingly, 21st Amendment's Rule 72 Objection to Magistrate's Order Denying Motion to Intervene ([Filing No. 52](#)) is **OVERRULED**.

**SO ORDERED** this 6th day of February 2014.

*s/ Richard L. Young*
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.