UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA PETROLEUM MARKETERS AND CONVENIENCE STORE ASSOCIATION, THORNTONS, INC., RICKER OIL COMPANY, INC., FREEDOM OIL, LLC, and STEVE E. NOE, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.: 1:13-cv-0784 RLY-DML ) |
| ALEX HUSKEY, in his official capacity as Chairman of the Indiana Alcohol and Tobacco Commission, THE INDIANA ALCOHOL AND TOBACCO COMMISSION, and THE STATE OF INDIANA, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## 21ST AMENDMENT, INC.'S *AMICUS CURIAE* MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

### I.      INTRODUCTION

As part of their ongoing effort to rewrite Indiana's alcoholic beverage regulations to their advantage, Plaintiffs have moved for summary judgment regarding their attempt to strike down Indiana Code § 7.1-5-10-11 (the "Challenged Statute"), which prohibits grocery and convenience stores from selling beer that has been cooled prior to sale.  In doing so, Plaintiffs invoke the protection from unwarranted criminal prosecution provided by the Fourteenth Amendment's void for vagueness doctrine.

Plaintiffs, however, have overreached.  Unlike the authorities upon which they rely in their Brief in Support of Motion for Summary Judgment Regarding Unconstitutional Indiana "Cooled Beer" Prohibition ("Plaintiffs' Brief") (Dkt. 150), Plaintiffs are not seeking to strike

down a vague law applying criminal penalties to constitutionally protected conduct, such speech, association, or movement.  Rather, Plaintiffs are making a facial attack on a purely economic, non-criminal regulation.  Accordingly, their invocation of the Fourteenth Amendment is misplaced.  Moreover, the very conduct in which Plaintiffs seek to engage is unequivocally barred by the Challenged Statute, which Plaintiffs themselves admit.  As a result, there is absolutely nothing vague about the Challenged Statute as it applies to Plaintiffs.

Similarly unavailing is Plaintiffs' argument regarding the allegedly differential treatment given to grocery and convenience stores in incorporated areas versus unincorporated areas with respect to those stores' ability to sell cooled beer for off-premises consumption. Plaintiffs argue that Indiana's treatment of grocery and convenience stores in unincorporated areas (who theoretically may sell cooled beer for off-premises consumption pursuant to Indiana Code § 7.1-3-4-4) versus the treatment of grocery and convenience stores in incorporated areas (who are barred from such sales by the Challenged Statute) violates both the Equal Protection Clause of the United States Constitution and the Equal Privileges and Immunities Clause of the Indiana Constitution.  Plaintiffs are wrong.

First, while grocery and convenience stores in unincorporated areas could theoretically sell cooled beer for off-premises consumption pursuant to IND. CODE § 7.1-3-4-4, in reality no such sale is possible because the Indiana Alcohol & Tobacco Commission (the "ATC") does not offer any permit allowing such sales.[1]  The sale of beer without a proper permit is illegal.  *See* IND. CODE § 7.1- 5-10-3.  Thus, in spite of IND. CODE § 7.1-3-4-4, in reality, grocery and convenience stores in unincorporated areas operate under the same rules as grocery and

---

[1] 21st Amendment takes no position as to whether Plaintiffs' reading of IND. CODE § 7.1-3-4-4 is proper, but will accept it only for the purposes of this Brief.

convenience stores in incorporated area – neither can legally sell cooled beer for off-premises consumption.

Not only are Plaintiffs' Equal Protection and Equal Privileges arguments factually untenable, they are also based on a misapplication of constitutional law.  It is well settled under both the applicable federal and state law that the differential treatment of persons is actionable only if those persons are similarly situated.  *See, e.g.*, *Harvey v. Town of Merrillville*, 649 F.3rd 526 (7th Cir. 2011); *UACC Midwest, Inc. v. Indiana Dept. of State Revenue*, 667 N.E. 2d 232 (Ind. Tax. Ct. 1996).   Accordingly, Plaintiffs' argument can succeed only if this Court determines that there is no functional difference in governing and policing incorporated versus unincorporated areas.  Such a finding would defy common sense, which dictates that densely populated incorporated areas should not necessarily be treated the same as sparsely populated unincorporated areas.  It would also result in the invalidation of scores of additional statutes.

Simply put, Plaintiffs have no basis for summary judgment.  Nor is there any merit to their claims.   There is nothing remotely irrational, improper, or unconstitutional about the Indiana General Assembly's decision to limit the sale of the most popular, readily consumable alcoholic beverage – cold beer – to those stores subject to the highest level of regulation – package liquor stores.  Accordingly, Plaintiffs' Motion for Summary Judgment should be denied.

## II.    ARGUMENT

### A.    The Challenged Statute Is Not Unconstitutionally Vague

#### 1.    Facial Attacks On Statutes Are Strongly Disfavored

Plaintiffs contend that the Challenged Statute is unconstitutional because, on its face, it is impermissibly vague and, therefore, violates the Fourteenth Amendment.  (Plaintiffs' Brief, p. 13).  Facial challenges to statutes, however, are disfavored by courts for several reasons:

3

> Claims of facial invalidity often rest on speculation.  As a consequence, they raise the risk of 'premature interpretation of statutes on the basis of factually barebones records.' [citation omitted].   Facial challenges also run contrary to the fundamental principal of judicial restraint that courts should neither 'anticipate a question of constitutional law in advance of the necessity of deciding it' nor 'formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied.' [citations omitted]. Finally, facial challenges threaten to short circuit the democratic process by preventing laws embodying the will of the people from being implemented in a manner consistent with the Constitution.

*Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 450 (2008).

The caution urged by *Washington State Grange* applies here.  None of the Plaintiffs has been fined or prosecuted for violating the Challenged Statute, as none currently sell cooled beer. (Deposition of Scott Imus ("Imus Dep."), pp. 44:15-25, 47:16, 21, attached as Exhibit 2 to Defendants' Brief in Support of Motion for Summary Judgment; Deposition of Matthew Thorton ("Thorton Dep."), pp. 36:2-4, 11-22, attached as Exhibit 3 to Defendants' Brief in Support of Motion for Summary Judgment; Deposition of Quinn Ricker, pp. 17:24 – 18:4, 23:6-11, attached as Exhibit 6 to Defendants' Brief in Support of Motion for Summary Judgment; Deposition of Gregory Cobb ("Cobb Dep."), pp. 26:21-24, 33:5-12, 67:8-17, 107:4-11, attached as Exhibit 7 to Defendants' Brief in Support of Motion for Summary Judgment).[2]   Accordingly, the Court has no context in which to assess the application of the Challenged Statute.  Furthermore, Plaintiffs have provided only "barebones" evidence regarding prior instances in which the Challenged Statue has been applied.  Finally, in an effort to gain an economic advantage, Plaintiffs would have this Court reverse the law drafted by the citizens of Indiana's duly elected representatives without providing those representatives, as well as the ATC, an opportunity to clarify or tweak the law.

---

[2] Plaintiff Thortons, Inc. was cited in 2007 for mistakenly cooling malt beverages that one of its store managers mistakenly believed to be wine.  Judgment was deferred and Thorton's is not challenging that specific citation. (*See* Declaration of Travis Thickston ("Thickston Dec."), ¶ 4, attached as Exhibit 9 to Defendants' Brief in Support of Motion for Summary Judgment).

2.      The Challenged Statutes Do No Infringe Upon Protected Conduct

In analyzing a facial challenge to a statute or ordinance on the grounds that it is impermissibly vague, "[A] court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 478, 494-95 (1981).  Where a statute or ordinance merely regulates economic conduct, as opposed to constitutionally protected conduct, a relaxed vagueness test is mandated.  *Nova Records v. Sendak*, 706 F.2d 782, 787 (7th Cir. 1983) (*citing Village of Hoffman Estates*, 455 U.S. at 498).  The rationale behind the relaxed standard applied to economic regulation was explained by the Court in *Village of Hoffman Estates*:

> [E]conomic regulation is subject to a less strict vagueness test because its subject matter is often more narrow and because businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action.  Indeed, the regulated enterprise may have the ability to clarify the meaning of the regulation by its own inquiry, or by resort to an administrative process.[3]

*Id.* at 455 U.S. at 498.  *See also Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972) ("In the field of regulatory statutes governing business activities, where the acts limited are in a narrow category, greater leeway is allowed.").

The Challenged Statute prohibits alcoholic beverage retailers other than package liquor stores from selling beer that has been cooled prior to sale for off-premises consumption.  In other words, the Challenged Statute merely regulates the permitted economic activity of commercial entities, namely alcoholic beverage retailers.  Therefore, the relaxed standard of review of *Hoffman Estates* applies.

In arguing that the Challenged Statue is unconstitutional, however, Plaintiffs repeatedly rely on case law in which constitutionally protected conduct – rather than mere economic

---

[3] Notably, none of the Plaintiffs have ever sought clarification from the ATC. (Imus Dep., pp. 53:20-54:1, Thorton Dep., pp. 72:23-73:2; Cobb Dep., pp. 56:24-57:24.

regulation – was at issue.  For example, Plaintiffs rely heavily upon the *Kolender* and *Bell* decisions, in which the Court invalidated certain laws based upon the void for vagueness doctrine.  (Plaintiffs' Brief, pp. 14-15).  Unlike the present Challenged Statute, however, the provisions challenged in *Kolender* and *Bell* both implicated constitutionally challenged conduct – namely, speech.  *See Kolender v. Lawson*, 461 U.S. 352, 358 (1983) ("Our concern here is based upon the 'potential for arbitrarily suppressing First Amendment liberties…'") (*quoting Shuttlesworth v. City of Birmingham*, 86 S.Ct. 211, 213 (1965)); *Bell v. Keating*, 697 F.3d 445 (7th Cir. 2012) (finding challenged ordinance affected plaintiff's First Amendment liberties).  The same is true for this Court's prior opinion in *John Does I-IV v. City of Indianapolis*, 2006 WL 2927598 (S.D. Ind. Oct. 5, 2006), in which the challenged ordinances directly implicated the plaintiffs' constitutionally protected freedom of movement.  In fact, Plaintiffs' fail to cite a **single** decision in which a court has struck down a purely economic regulation pursuant to the void for vagueness doctrine.

Simply put, the Challenged Statute does not infringe upon any constitutionally protected conduct whatsoever.  Accordingly, in reviewing the Challenged Statute, the Court should adopt not only the skepticism of facial challenges set forth in *Washington State Grange*, but also the deferential standard of review employed by the Court in *Hoffman Estates*.

3.    The Challenged Statue Is Not Impermissibly Vague In All Applications

An economic regulation may be invalidated on the grounds of vagueness **only** if the Challenged Statue is found to be impermissibly vague in **all** of its applications.  *See Village of Hoffman Estates*, 455 U.S. at 497.  In other words, Plaintiffs can prevail in their challenge only if they can show that the Challenged Statute is incapable of any valid application.  *See Nova Records, Inc. v. Sendak*, 706 F.2d 782, 792 (7th Cir. 1983); *Little Arm Inc. v. Adams*, 14 WL

6

1324412 at *12 (S.D. Ind. March 31, 2014) (Young, C.J.).  Plaintiffs cannot make any such showing here.

In fact, the very acts in which Plaintiffs wish to engage can be constitutionally prohibited.  If Plaintiffs place beer in a refrigerated section of their store with the purpose of cooling the beer prior to sale – which is precisely what they seek to do (*See, e.g.*, Defendants' Proposed Findings of Fact, Conclusions of Law and Order (Dkt. 145-1), ¶¶ 5, 7-8, 10-11, 13-15, 18-22, 26-28, 30-32, 34-37, 39, 43, 50-51, 69, 71, 80-81) – those actions would plainly be in violation of the statute.  Indeed, no reasonable person can suggest that the Challenged Statute does not put a grocery or convenience store on notice that placing beer in a cooler for the purpose of cooling it prior to sale is prohibited.  The fact that Plaintiffs can concoct hypothetical scenarios in which the Challenged Statute may by unduly vague, *see, e.g.,* Plaintiffs' Brief, pp. 18-19, proves nothing, as the Challenged Statute is not vague in **all** of its applications.  *See Doe v. Heck*, 327 F.3d 492,  528 (7th Cir. 2003) (finding that statute was unconstitutional as applied to plaintiffs but not facially unconstitutional because the statute was capable of constitutional application).  Thus, because not only is the Challenged Statute capable of constitutional application, but it can be constitutionally applied to the very conduct in which Plaintiffs wish to engage – Plaintiffs' void for vagueness challenge must fail as a matter of law.

4.    The Challenged Statute Is Capable Of Clarification

There remains yet another reason for this Court to deny Plaintiffs' efforts to strike down the Challenged Statute.  Namely, striking down the Challenged Statute at this point violates the principal of judicial restraint with respect to the state laws.  *See Washington State Grange*, 552 U.S. at 450.  ("Exercising judicial restraint in a facial challenge 'frees the Court not only from unnecessary pronouncement on constitutional issues, but also from premature interpretations of

statutes in areas where their constitutional application might be cloudy.") (*quoting from United States v. Raines*, 362 U.S. 17, 22 (1960)).

Restraint permits time and space for state legislative bodies and regulators to clarify laws and provide additional guidelines. *Nova Records, Inc.*, 706 F.2d at 792, *Village of Hoffman Estates*, 455 U.S. at 504. Restraint also provides state courts with an opportunity to review and construe the challenged enactment in an as-applied challenge. *See Washington State Grange*, 552 U.S. at 450. (*citing Raines*, 362 U.S. at 22).

For these reasons, restraint is proper here. The ATC should be provided an opportunity to, if necessary, establish guidelines in order to allow its agents in the field to apply the Challenged Statute in a fair and uniform manner. Furthermore, this Court should allow Indiana's state courts an opportunity to review the Challenged Statute and determine whether it can be applied in a manner consistent with both the Federal and State Constitutions. Indeed, the Indiana Supreme Court has already found the challenged regulation to pass constitutional muster. *Doyle v. Clark*, 41 N.E.2d 949, 951 (Ind. 1942).

**B.    Plaintiffs' Equal Protection And Equal Privileges Argument Regarding Grocers In Unincorporated Areas Relies Upon A Complete Fiction**

According to Plaintiffs, grocery and convenience stores in unincorporated areas are permitted to sell cooled beer for off-premises consumption while grocery and convenience stores in incorporated areas are not. There are a number of problems with this argument – chief among them: **no permit exists in Indiana that would allow such a sale to occur**.

Plaintiffs' Equal Protection and Equal Privileges and Immunities argument arises from the interplay of several provisions of Title 7.1 relating to two different types of permits: beer dealers' permits and beer retailers' permits. Beer dealers' permits are alcoholic beverage permits issued to drug stores, grocery stores, or package liquor stores that allow the permit holder to sell

8

beer for off-premises consumption. IND. CODE §§ 7.1-3-5-1, -2. Pursuant to the Challenged

Statute, the holder of beer **dealers'** permits are categorically prohibited from selling cooled beer

for off-premises consumption unless the permit holder is a package liquor store. IND. CODE §§

7.1-5-10-11, 7.1-3-5-3(d). Beer **retailers'** permits are alcoholic beverage permits issued to

restaurants, hotels or clubs that allow the permit holder to sell beer for on-premises consumption.

IND. CODE §§ 7.1-3-4-1, -2. Plaintiffs, however, have seized on a limited section of the Indiana

Code that theoretically permits a drug store or grocery store located in an unincorporated area to

sell cooled beer for off-premises consumption:

> **Issuance – Premises outside corporate limits – Persons Eligible**
>
> The commission may issue a beer retailer's permit as authorized by IC 1971, 7.1-
> 3-4-3, only to an applicant who is the proprietor of a drug store, grocery store,
> confectionary, or of a store in good repute which, in the judgment of the
> commission, deals in other merchandise that is not incompatible with the sale of
> beer.

IND. CODE § 7.1-3-4-4.

Plaintiffs have latched onto this statute and argue that it is evidence of a violation of both

the Equal Protection Clause of the United States Constitution and the Equal Privileges and

Immunities Clause of the Indiana Constitution because it treats grocery and convenience stores

in incorporated areas differently than those located in unincorporated areas. Setting aside for the

moment the dubious legal merit of this argument – which will be touched upon below – there is

fatal flaw to this argument: no Indiana permit exists that would permit a grocery or convenience

store in an unincorporated area to sell cooled beer for off-premises consumption as contemplated

by IND. CODE § 7.1-3-4-4.

It is unlawful to sell alcoholic beverages in Indiana without a permit from the ATC. IND.

CODE § 7.1-5-10-3. The ATC sets forth the permits available to retailers of alcoholic beverages

and lists those permit types on its website. A true and accurate copy of a list of the permits

available through the ATC as of May 7, 2014 is attached hereto as **Exhibit A**. The permits are divided by type, including by retailer and dealer permit types. Notably absent from this list is any **<u>beer</u>** **<u>retailers'</u>** permit available to a grocery store, whether located in an incorporated or unincorporated area. That is because none exists. A grocery or convenience store in Indiana can only obtain a **<u>dealers'</u>** permit, which forbids the permit holder – other than a package liquor store - to sell cooled beer for off-premises consumption. This is true whether the permit holder is located in an incorporated area or an unincorporated area.

Ultimately, IND. CODE § 7.1-3-4-4 is meaningless as a practical matter because no grocery or convenience store in Indiana is capable of obtaining a retailers' permit. Nor have any tried. As the testimony in this case makes clear, not only have Plaintiffs failed to ever seek a beer retailers' permit in accordance with IND. CODE § 7.1-3-4-4, there is no evidence **anyone** has ever sought or obtained any such permit. (Thorton Dep., pp. 101:23-102:13; Ricker Dep., pp. 30:17-25, 62:3-10; Cobb Dep., pp. 56:24-57:24; Imus Dep., p. 103:10-19; Deposition of Major Robin Poindexter, pp. 177:20-178:12, 184:4-185:17, 185:24-:188:5, attached as Exhibit 10, to Defendants' Brief in Support of Motion for Summary Judgment). Like their argument regarding vagueness, Plaintiffs are reduced to relying upon hypotheticals and conjecture, which simply is not enough for a Constitutional challenge to the statute.

### C.      Incorporated And Unincorporated Areas Are Not Similarly Situated

Plaintiffs' argument is not only moot (because no permit exists that would permit a grocery or convenience store in an unincorporated area to obtain a retailers permit allowing the sale of cooled beer for off-premises consumption), it also rests upon an untenable legal foundation. Plaintiffs argue that Indiana's current alcoholic beverage regulatory scheme is unconstitutional because, pursuant to IND. CODE §§ 7.1-3-4-3, -4, grocery and convenience stores

10

in unincorporated areas have the statutory right to sell cooled beer for off-premises consumption while, at the same time, the Challenged Statute bars grocery and convenience stores in incorporated areas from doing the same.  Plaintiffs contend that this disparity violates both the federal Equal Protection Clause and Indiana's Equal Privileges and Immunities Clause.  The disparate treatment of two different classes of individuals, however, is actionable under the Equal Protection Clause of the United States Constitution and the Equal Privileges and Immunities Clause of the Indiana Constitution **only** if the two classes of individuals are similarly situated.  *Harvey v. Town of Merrillville*, 649 F.3[rd] 526 (7th Cir. 2011); *UACC Midwest, Inc. v. Indiana Dept. of State Revenue*, 667 N.E. 2d 232 (Ind. Tax. Ct. 1996).  Thus, Plaintiffs' argument asks the Court to conclude – without any supporting evidence – that alcoholic beverage retailers in incorporated and unincorporated areas are similarly situated.

They are not.  There are myriad differences between alcoholic beverage retailers – or any retailers – in incorporated and unincorporated areas.  Alcoholic beverage permits are issued based upon population.  IND. CODE § 7.1-3-22.  Accordingly, the smaller the population of an area, the lesser the number of alcoholic beverage retailers.  It stands to reason that the smaller the number of alcoholic beverage retailers in a given area, the more attention local law enforcement can pay with respect to each retailer.  Accordingly, the Indiana General Assembly could reasonably and rationally determine that grocery and convenience stores in unincorporated areas could sell the most popular and readily available alcoholic beverage – cooled beer – while denying the same privilege to grocery and convenience stores in more popular areas because those located in unincorporated areas can be more readily monitored by local law enforcement.

The General Assembly's decision to distinguish between incorporated and unincorporated areas is not only unremarkable, but is a pattern that extends throughout the Indiana Code.  The

General Assembly distinguishes between incorporated and unincorporated areas with respect to the appointment of public library boards (IND. CODE § 36-12-2-9 through IND. CODE § 36-12-2-17), the membership of municipal plan commission acting outside of an incorporated area (IND. CODE § 36-7-4-214), the provision of utility services (IND. CODE § 8-1-34-26), the law governing public parks (IND. CODE § 36-10-3-33), the law governing open burning (IND. CODE § 13-17-9-1) and the funding mechanism for water main extensions (IND. CODE § 36-9-36-3).  Were the Court to adopt Plaintiffs' argument and determine that the differential treatment of alcoholic beverage retail laws in incorporated and unincorporated areas violates the Equal Protection Clause of the United States Constitution and/or the Equal Privileges and Immunities Clause of the Indiana Constitution, the Court would not only strike down the Challenged Statute, but would effectively invalidate a host of Indiana statutes governing a wide variety of issues.  Not only would such a ruling be untenable, but it also ignores common sense, which dictates that, in certain situations, it is both reasonable and rational to distinguish between densely populated incorporated areas and more sparsely populated unincorporated areas.

There are no Equal Protection or Equal Privileges issues in play here.  Under the current Indiana alcoholic beverage regulatory scheme, grocery and convenience stores are prohibited from selling cooled beer for off-premises consumption no matter where they are located. Moreover, to the extent that IND. CODE § 7.1-3-4-4 does make a distinction between incorporated and unincorporated areas, that distinction is both reasonable and rationale.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' arguments regarding their void for vagueness challenge to Indiana Code § 7.1-5-10-11, as well as its challenges under the Equal Protection Clause of the United States Constitution and the Equal Privileges and Immunities Clause of the

Indiana Constitution must fail as a matter of law and Plaintiffs' Motion for Summary Judgment should be denied.

Respectfully submitted,

ICE MILLER LLP

/s/ Aaron D. Grant
Michael A. Wukmer
Aaron D. Grant
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
Michael.Wukmer@icemiller.com
Aaron.Grant@icemiller.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2014, a copy of the foregoing was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

John R. Maley                              Mark J. Crandley
BARNES & THORNBURG LLP          BARNES & THORNBURG LLP
Jmaley@btlaw.com                         mcrandley@btlaw.com

Kenneth L. Joel
Deputy Attorney General
Office of the Indiana Attorney General
Kenneth.Joel@atg.in.gov


                                        /s/ Aaron D. Grant
                                        Michael A. Wukmer
                                        Aaron D. Grant

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2100
(317)236-2219 fax

I/3589258.2